FEDERICO A. MORENO, UNITED STATES DISTRICT JUDGE
In this case, the Court is faced with a difficult decision. Should the Court allow Defendant James Schneider to retain as local secondary trial counsel Mr. Daniel Rashbaum, an attorney whose firm had previously represented-in a related criminal case-a cooperating Government witness. The Court holds that it should not.
In disqualifying Defendant Schneider's additional counsel, the Court, in the exercise of its discretion, finds that the waiver by both clients-the Defendant on trial and the witness-testifying defendant-are not sufficient to overcome the Court's concerns with the Marcus Neiman & Rashbaum firm's agreement to obtain, and pay from its operating account, the attorney's fees of the separate independent counsel now representing the witness. Defendant Schneider's Sixth Amendment right to counsel will continue to be upheld by his choice of lead counsel, Mr. Ira Sorkin, who-without any conflict-has represented the Defendant for the past two years. Defendant Schneider is free to obtain additional conflict-free counsel.
I. Background
On October 10, 2017, a thirty-three count indictment charged Defendant *1296 James Schneider with conspiring to commit and commission of securities and wire fraud, 18 U.S.C. §§ 1348, 1349, 1343, and conspiring to commit and commission of money laundering, 18 U.S.C. §§ 1956(h) and 1957. The Defendant had an initial appearance on October 11, 2017 where he was released on a $1,000,000 personal surety bond. Thereafter, Defendant Schneider was arraigned on November 8, 2017 and entered a plea of not guilty. On March 7, 2018, a superseding indictment charged the Defendant with additional crimes of making a false statement, 18 U.S.C. § 1001(a)(2), and obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2). Defendant Schneider was arraigned on the superseding indictment on March 21, 2018. When the Defendant appeared on the original indictment in 2017, attorneys Jack Alan Goldberger and Carl Francis Schoeppl, Jr. had entered notices of temporary appearance on his behalf Around that same time, attorney Ira Sorkin was admitted pro hac vice and became his lead counsel. More than four months later at the arraignment on the superseding indictment, Defendant Schneider was represented by attorney Daniel Rashbaum. Mr. Rashbaum and Ms. Allison Green-both attorneys with the Marcus Neiman & Rashbaum LLP firm-filed notices of appearance on March 20, 2018, the day before the Defendant was arraigned on the superseding indictment. On April 5, 2018, the Government moved to disqualify Mr. Rashbaum and Ms. Green on the grounds that other attorneys in their firm previously represented Sheldon Rose-Defendant Schneider's alleged co-conspirator and a potential witness at this Defendant's trial.
On September 21, 2016, the United States Attorney's Office for the Southern District of Florida filed an information charging Mr. Rose with conspiracy to commit securities fraud, 18 U.S.C. § 371. See United States v. Rose, et al. , Case No. 16-20706-Martinez. On November 9, 2016, Mr. Rose pled guilty to the conspiracy and was ultimately sentenced by Judge Martinez on February 28, 2017 to forty months imprisonment. On January 18, 2018, the sentence was reduced to seventeen months pursuant to Federal Rule of Criminal Procedure 35. Mr. Rose was released from the custody of the Bureau of Prisons on July 27, 2018. During his trial court proceedings, Mr. Rose was represented by Mr. Michael Pineiro and Mr. Jeffrey Neiman-both are attorneys with the Marcus Neiman & Rashbaum firm.
The Government alleges that Mr. Rose's cooperation included providing information helpful to Defendant Schneider's prosecution and the potential of being called as a Government witness at Defendant Schneider's trial. In its motion to disqualify Mr. Rashbaum and Ms. Green, the Government contends that their representation of Defendant Schneider violates the Rules Regulating the Florida Bar prohibiting conflicted representation with respect to Mr. Rose and presents an insurmountable conflict for Defendant Schneider. The Court referred the Government's motion to Magistrate Judge Lauren F. Louis for a Report and Recommendation. Magistrate Judge Louis found, after conducting a Garcia hearing, that Defendant Schneider and Mr. Rose knowingly waived any potential conflicts. See United States v. Garcia , 517 F.2d 272 (5th Cir. 1975), abrogated on other grounds by Flanagan v. United States , 465 U.S. 259, 263 n.2, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Thus, Magistrate Judge Louis recommended that the Government's motion to disqualify Mr. Rashbaum and Ms. Green be denied. This Court held its own hearing on August 6, 2018 where it took testimony and heard legal argument. For the following reasons, the Government's motion is GRANTED and attorneys Daniel Rashbaum and Allison Green are disqualified.
*1297 II. Analysis
A. Sixth Amendment Right to Counsel
The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Although district courts must "recognize a presumption in favor of [a defendant's] counsel of choice ... that presumption may be overcome ... by a showing of a serious potential for conflict." Wheat v. United States , 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). In Wheat , the Supreme Court noted that:
[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.
Id. at 159, 108 S.Ct. 1692. A defendant's right to the counsel of his choice "is not absolute." United States v. Ross , 33 F.3d 1507, 1523 (11th Cir. 1994), cert. denied , 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995). Thus, the Court must balance: (1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest. Id. (citing Wheat , 486 U.S. at 160, 108 S.Ct. 1692 ). The Court must also be cognizant that:
[t]he need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial.
Id. The law in the Eleventh Circuit is clear: "An attorney 'may' be disqualified when an actual or even a potential conflict of interest exists ..." United States v. Garcia , 447 F.3d 1327, 1337 (11th Cir. 2006).
This case presents a difficult decision for the Court: whether it should allow the Defendant to keep as local additional counsel attorneys whose firm previously represented a defendant in a case allegedly related to the same conspiracy, who is now cooperating with the Government, and may testify against this Defendant. Defendant Schneider, through counsel, insists that the waivers by all parties (the Defendant and Mr. Rose) cures any problems created by the conflicted representation. But the Supreme Court rejected such a rule in Wheat , where the Court insisted that "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." 486 U.S. at 160, 108 S.Ct. 1692. See also id. at 162, 108 S.Ct. 1692 ("[W]here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver ...").
As a preliminary matter, the Court acknowledges the voluntariness of both waivers, but nonetheless concludes that Mr. Rashbaum and Ms. Green are conflicted because of their firm's representation of Mr. Rose in a related proceeding. In reaching its conclusion, the Court is confident that Defendant Schneider's choice of primary counsel, Ira Sorkin, a prominent conflict-free trial lawyer, will render effective assistance of counsel consistent with the Sixth Amendment. Moreover, the Court is concerned that the Marcus Neiman & Rashbaum firm has agreed to compensate Mr. Rose's new attorney, Mr. Michael Fasano, while simultaneously representing Defendant Schneider at trial. The need for "fair, efficient, and orderly *1298 administration of justice," in this case, overcomes Defendant Schneider's "right to counsel of choice." Ross , 33 F.3d at 1523. To boot, it was not until the Garcia hearing before Magistrate Judge Louis-where Mr. Rose appeared by telephone from a federal prison in Pensacola, Florida with his new counsel, Mr. Fasano, physically present with him-that Mr. Rose was notified of this fee arrangement. The colloquy below occurred between the prosecutor and Mr. Rose:
Q. So the money you paid to Mr. Pineiro's firm is going to be used to pay Mr. Fasano that's your understanding?
A. Yes, that's what I've been told. Now, the thing is that it is a credit, meaning that there's still funds available, okay, then those funds available will transfer over to -- Neiman indicated that there are funds there and that these funds will be transferred over to Michael Fasano.
Q. And that's -- when you say "Neiman," are you referring to Jeff Neiman, who's another partner in Mr. Rashbaum's firm?
A. Yes.
Q. And he explained the financial arrangement to you?
A. No, he hasn't.
Q. Who explained this financial arrangement to you?
A. Actually, the - it was just explained to me now by Michael Fasano; just how he's getting paid, through credit of funds that I have with the law firm.
Q. The law firm of Marcus, Neiman, & Rashbaum?
A. That's correct.
Q. And do you understand that the money that you paid to that firm may have been disbursed among the partners in that firm?
A. That I don't -- I don't know how their accounting operates. All I know is what I'm telling you is, this is what I understand, that there is funds available to take care of my new attorney.
Q. And that was explained to you before or after you signed this waiver of conflict and consent?
A. After the fact.
Magistrate Judge Louis's Hearing Transcript 19:12-20:14, May 23, 2018, ECF No. 63.
In addition, Mr. Neiman, speaking on behalf of the Marcus Neiman & Rashbaum firm, suggested at the hearing before the undersigned, that Mr. Rose's financial obligations to the firm were not met in full, but the firm had made the strategic decision to not seek payment for the outstanding balance. Whether Mr. Rose indeed has a credit with the firm, or is in arrears, and the firm has made the laudable decision to not collect the outstanding balance, is not for this Court to police. The Court underscores this fee arrangement-and the lack of communication to Mr. Rose about it-merely to illustrate its concern that a Government witness's quasi-independent attorney's (Mr. Fasano) fees are being paid from the same operating account from which the partners at the Marcus Neiman & Rashbaum firm-of which Mr. Rashbaum is a partner-receive financial benefit. Thus, the Court finds that the addition of Mr. Rashbaum and Ms. Green as secondary counsel creates an insurmountable conflict for the Defendant and that the Sixth Amendment is satisfied by having Mr. Sorkin as primary counsel.
B. The Florida Bar Rules of Professional Conduct
The Government further contends that the firm's dual representation of Defendant Schneider and Mr. Rose is prohibited by the Rules Regulating the Florida Bar.[1]
*1299 Florida Bar Rule of Professional Conduct 4-1.7(a) prohibits a lawyer from representing a client whose interests are directly adverse to a current client, even if there is informed consent from both clients. (Emphasis added). However, Rule 4-1.7(b) allows a lawyer to dually represent two current clients as long as:
(1) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) The representation is not prohibited by law;
(3) The representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
(4) Each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.
In contrast, Florida Bar Rule of Professional Conduct 4-1.9(a) applies to the representation of former clients. It states, "A lawyer who has formerly represented a client in a matter must not afterwards: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Fla. Bar R. Prof. Conduct 4-1.9(a). Thus, if Mr. Rose is a current client of the Marcus Neiman & Rashbaum firm, then the conflict is not waivable. If, however, Mr. Rose is a former client of the firm, then his informed consent would be sufficient to waive the conflict. The Court need not resolve the issue because pursuant to the Sixth Amendment, Mr. Rashbaum and Ms. Green's addition as secondary counsel provides an insurmountable conflict for Defendant Schneider. This ruling in no way concludes that members of the Marcus Neiman & Rashbaum firm, nor attorney Fasano, breached ethical obligations to their clients. Rather, the foundation for this Court's difficult decision is its "concern[ ] with the public's perception regarding the fairness of these proceedings and the integrity of the judicial process ..." United States v. Miranda , 936 F.Supp. 945 (S.D. Fla. 1996) (Highsmith, J.). Thus, the Court exercises its discretion and disqualifies Mr. Daniel Rashbaum and Ms. Allison Green as secondary counsel.
III. Conclusion
The Sixth Amendment, by its terms, certainly guarantees the accused assistance of counsel for a defense, but that right is curtailed "where a court justifiably finds an actual conflict of interest" or "where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat , 486 U.S. at 162-64, 108 S.Ct. 1692. The ethical considerations of this unique case leads the Court to the conclusion that the addition of Mr. Rashbaum and Ms. Green as secondary counsel creates an insurmountable conflict for the Defendant. Nevertheless, the Court is assured that Defendant Schneider's Sixth Amendment right is satisfied by allowing him to continue to be represented by his lead primary counsel, Ira Sorkin. Defendant Schneider is at liberty to bring in additional -conflict-free-counsel or to proceed solely with Mr. Sorkin. Thus, for the foregoing reasons, the Government's Motion to Disqualify Newly Retained Co-Counsel (D.E. 43) is GRANTED and attorneys Daniel Rashbaum and Allison Green are DISQUALIFIED from representing Defendant James Schneider in this case.
*1300 DONE AND ORDERED in Chambers at Miami, Florida, this 13th of August 2018.

Rule 11.1(c) of the Southern District of Florida Local Rules incorporates the Florida Bar's rules of professional conduct as ethical standards for all practitioners in this Court. See S.D. Fla. L.R. 11.1(c) ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar.").